**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-6730**

———————————

GERALD DAVID DAVAGE,

                                    Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA,

                                    Respondent - Appellee.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CA-
03-709-JFM)

———————————

Submitted:  August 28, 2003        Decided:  September 4, 2003

———————————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Gerald David Davage, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gerald David Davage appeals the district court's orders denying his petition seeking to invoke the inherent power of the court to vacate his convictions and sentence and denying his motion for reconsideration. Although the district court denied Davage's petition on the merits, the court should have construed Davage's pleading as a motion filed under 28 U.S.C. § 2255 (2000), and dismissed it for lack of jurisdiction because Davage had not obtained authorization from this court to file a successive § 2255 motion. We note that, when the district court denied relief, it did not have the benefit of our decision in United States v. Winestock, ___ F.3d ___, 2003 WL 1949822 (4th Cir. Apr. 25, 2003). Because the district court did not have jurisdiction to consider Davage's petition, we affirm the denial of relief on that basis.

Pursuant to Winestock, we construe Davage's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. In order to obtain authorization to file a second § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2255 ¶ 8. Davage's claims do not satisfy

2

either of these conditions.  Therefore, we decline to authorize Davage to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3